# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| THERESA SICLARI, | ) |
|  | ) |
| Plaintiff, | ) |
|  | )    Civil No. 2015-28 |
| v. | ) |
|  | ) |
| CBI ACQUISITIONS, LLC, dba | ) |
| CANEEL BAY, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |
|  | ) |

ATTORNEYS:

**Thomas F. Friedberg**
Law Offices of Friedberg & Bunge
San Diego, CA
    *For the plaintiff Theresa Siclari*

**Michael C. Quinn**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *For the defendant CBI Acquisitions, LLC.*

## AMENDED MEMORANDUM OPINION[1]

**GÓMEZ, J.**

Before the Court is the mediated settlement agreement

between the parties.

---

[1] This memorandum opinion was originally issued on March 9, 2017. At times, the March 9, 2017, memorandum opinion may suggest that the enforcement of the parties' settlement agreement was at the center of the Court's judgment. It is evident from a review of the judgment that it was not. Rather, the mootness of the parties' case or controversy in the wake of the parties' settlement was at the center of the Courts undertaking. This amended memorandum opinion clarifies the issues addressed by the Court.

## I.   FACTUAL AND PROCEDURAL HISTORY

Caneel Bay Resort ("Caneel Bay") is a hotel and resort located in St. John, United States Virgin Islands. CBI Acquisitions, LLC ("CBI") owns Caneel Bay. On June 9, 2013, a wedding was held at Caneel Bay. Theresa Siclari ("Siclari") attended the June 9, 2013, wedding as a guest.

As part of the festivities, a wedding dinner was held. The floor in the dining area was tiled. Siclari alleges that the floor in the dining area was in a state of disrepair. While walking through the dining area, Siclari's shoe became lodged in the floor. Siclari twisted her leg. Siclari broke her leg.

On March 28, 2015, Siclari brought suit against CBI in this Court. Siclari's sole claim in her Complaint alleges that CBI was negligent in its maintenance of the floor upon which Siclari was injured.

On February 24, 2016, a mediation conference was held. As a result of the mediation conference, the parties produced a document labeled "Mediated Settlement Agreement." The document states:

> This matter was resolved at Mediation on this 24th day of February, 2016, upon the following terms and conditions:
>
> 1. Defendant shall pay to Plaintiff the total sum of [redacted] United States Dollars within 30 days of today's date.

      2. The parties shall submit to the Court a Joint Stipulation of Dismissal with Prejudice of all Claims.

      3. Plaintiff shall execute a full and complete Release of all Claims which have been asserted or which could have been asserted to date in the above captioned action, said Release to be prepared by counsel for Defendant.

      4. The undersigned parties shall keep the terms of this Mediated Settlement Agreement and the Release confidential.

      5. Plaintiff shall be responsible for payment of all medical liens, workers' compensation liens, Medicare or Medicaid liens, or other liens relating to this matter.

      6. Each party agrees to bear its own costs, expenses and attorneys' fees, except that Defendant shall pay the costs of the Mediation to AMI.

      IN WITNESS WHEREOF, the undersigned have executed this Agreement effective the date first above written.

ECF No. 45-1. The parties signed the document. *See id.* On February 24, 2016, the mediator who oversaw the mediation, David Nichols, filed a Report of Mediation with the Court stating that the matter had been completely resolved. *See* ECF No. 44.

## II. <u>DISCUSSION</u>

It is axiomatic that "[a]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the

absence of a writing." *Green v. John H. Lewis & Co.,* 436 F.2d 389, 390 (3d Cir. 1970). "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. ex rel. M.R. v. E. Brunswick Bd. of Educ.,* 109 F.3d 896, 901 (3d Cir. 1997). In the Virgin Islands, counsel may enter into a settlement agreement on his client's behalf when he has actual or apparent authority to do so. *See Edwards v. Born, Inc.,* 792 F.2d 387, 389-90 (3d Cir. 1986).

The construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *See, e.g., Vargo v. Mangus*, 94 F. App'x 941, 943 (3d Cir. 2004); *N.Y. State Elec. & Gas Corp. v. Fed. Energy Regulatory Comm'n,* 875 F.2d 43, 45 (3d Cir. 1989); *Christian v. All Persons Claiming any Right, Title or Interest in Newfound Bay,* 139 F. Supp. 2d 679, 685 (D.V.I. 2001).

The essential prerequisites for the creation of a valid contract is "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Univ. of the V.I. v. Petersen-Springer,* 232 F. Supp. 2d 462, 469 (D.V.I. App. Div. 2002)(quoting Restatement (Second) of Contracts § 17 (1979)). Consideration requires a performance or a return

promise that has been bargained for. *See id.* Where there is no

mutual assent, or no meeting of the minds, there is no

contract. *James v. Fitzpatrick,* 25 V.I. 124, 127 (Terr. Ct.

1990).

## III.  ANALYSIS

Once a court approves a settlement agreement in which the

plaintiff agrees not to proceed on its claims against the

defendant, there is no longer a case or controversy between the

parties with respect to those claims. *See Bryan v. All Out Die

Cutting, Inc.*, 32 F. App'x 651, 652 (3d Cir. 2002) ("Once the

parties entered into a full release and settlement of all claims

against the individual and corporate Defendants and the

agreements were approved by the Bankruptcy Court, an actual case

or controversy ceased to exist, and the District Court could not

properly exercise jurisdiction over the matter."). At that time,

the court may no longer exercise jurisdiction over the matter

and may close the case. *See id.*

Therefore, the Court must determine whether a valid

settlement agreement exists in this case.[2] "The parties'

objective manifestations control in deciding whether they formed

a contract by mutual assent." *HSM Constr. Servs., Inc. v. MDC*

---

[2] The Court raises this issue regarding subject matter jurisdiction *sua sponte.* However, the parties have addressed whether a valid settlement agreement exists in other briefing. *See* ECF Nos. 45, 52, 54.

*Sys., Inc.,* 239 F. App'x 748, 751 (3d Cir. 2007). Manifestations of assent may be made through either words or conduct. *See* Restatement (Second) of Contracts § 18, 19 (1979). Signing an agreement is commonly understood to be a manifestation of assent. *Compare HSM Const. Servs., Inc.,* 239 F. App'x at 751 ("[Plaintiff's] outward words and acts indicate that it is a party to the Agreement. First, the signature page of [the plaintiff's] Proposal [to settle] and the [defendant's letter proposing additional terms] were both signed by ... the General Counsel of [the plaintiff]."), *with Bruce Lincoln–Mercury, Inc. v. Universal C.I.T. Credit Corp.,* 325 F.2d 2, 18 (3d Cir. 1963)("[T]here is a place for the authorized signature of appellee on the [contract]. No signature, indicating acceptance of the terms ... appears thereon."). The beginning or tender of performance may also operate as a manifestation of assent. *See* Restatement (Second) of Contracts § 18 cmt. b.

In *Nicholas v. Wyndham Int'l, Inc.,* following protracted efforts at settlement, the parties informed the Court that they had reached an agreement. *Nicholas v. Wyndham Int'l., Inc.,* Civ. No. 2001-147, 2007 WL 4811566 at *1 (D.V.I. Nov. 20, 2007). Thereafter, the parties recited the settlement agreement's essential terms on the record. *See id.* On the record, counsel for the parties agreed that the defendants would

pay a sum certain to the plaintiffs in exchange for the plaintiffs' agreement to settle all claims in the matter against those defendants. *See id.* at *3. Subsequently, the parties disputed the terms of the agreement. *See id.* The Court held that the parties' oral recitation of the terms reflected a valid settlement agreement, despite subsequent disputes. *See id.* at *3-5. The Court entered a judgment reflecting the terms of that oral agreement. *See id.* at *8, *11.

Where the parties have actually executed a written agreement, the Court has previously held that an agreement covering all terms of the settlement is a binding contract on the parties and may be approved by the Court. *See, e.g.*, *Herman v. Bank of Nova Scotia,* Civil No.2002-163, 2012 WL 4476656, *5-6 (D.V.I. Sept. 28, 2012); *VF Dev. V. Greaves,* Civil No. 2009-138, 2011 WL 4500295, *4 (D.V.I. Sept. 27, 2011); *Campion v. Amaro*, Civ. No. 2013-78, 2014 WL 6680571, *2 (D.V.I. Nov. 25, 2014).

The situation presented here counsels in favor of adoption. There is a written agreement containing certain terms. A review of those terms establishes that the agreement as drafted was supported by consideration on both sides, namely that Siclari would relinquish the right to pursue her claims against CBI and in return CBI would pay Siclari a sum certain. *See, e.g., Channel Home Ctrs., Div. of Grace Retail Corp. v.*

*Grossman,* 795 F.2d 291, 299 (3d Cir. 1986)(noting that "of

course, there must be consideration on both sides ... for

enforceability of a[] [settlement] agreement")(applying

Pennsylvania law); *Nicholas,* 2007 WL 4811566, at *3; *Shernoff v.*

*Hewlett-Packard Co.,* Civ. No. 04-4390, 2006 WL 3497798, *3-4

(D.N.J. Dec. 4, 2006)("... nor was the settlement void for lack

of consideration .... Plaintiff and Defendant agreed to the

essential terms of the settlement, namely, that Plaintiff would

forego her claims against Defendant and surrender her options to

purchase HP stock in return for a payment of $37,500."). Indeed,

all of the essential terms of both the settlement and the

release were memorialized.

The parties represent, and the Court recognizes, that there

is an ongoing dispute regarding the performance of certain terms

of the settlement agreement, the signing of a release. However,

it is axiomatic that a contract dispute does not negate the

existence of a valid agreement. *See Nicholas,* 2007 WL 4811566,

at *4, 11 (entering judgment where the agreement on the record

was clear, even though some written terms of the release

remained in dispute). Where, as here, the parties have submitted

an executed written document delineating the terms of the

agreement, and those terms are supported by consideration, the

Court may accept the agreement. *See, e.g.*, *Herman,* 2012 WL 4476656, *5-6; *Greaves,* 2011 WL 4500295, *4.

The premises considered, the Court approves the settlement agreement and will close this case. An appropriate judgment follows.

S\_____
    **Curtis V. Gómez**
    **District Judge**